UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHNNY F. SHORTER,

               Plaintiff,

      -against-

DISTRICT ATTORNEY KATHLEEN RICE,
A.D.A. IRENE ANGELAKIS, MICHAEL D.
ELBERT, ESQ.,

               Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
12-CV-0111 (JFB) (ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 10 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On January 5, 2011, incarcerated *pro se* plaintiff Johnny F. Shorter ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendants, the Nassau County District Attorney Kathleen Rice ("DA Rice"), Nassau County Assistant District Attorney Irene Angelakis ("ADA Angelakis"), and Michael D. Elbert, Esq. ("Elbert"), along with an application to proceed *in forma pauperis*. Upon review of plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. Accordingly, the application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, plaintiff's federal claims against defendants DA Rice and ADA Angelakis, as well as any federal claim against defendant Elbert, are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915A. Further, the Court declines to exercise supplemental jurisdiction over plaintiff's purely state law claims in the absence of any federal claims. Thus, any state claims are dismissed without prejudice. Therefore, the complaint is dismissed in its entirety.

I.   THE COMPLAINT

According to the brief complaint, submitted on the Court's Section 1983 complaint form, plaintiff alleges that he was arrested on October 22, 2010 and charged with criminal possession of a weapon. Plaintiff claims that he pled guilty to a felony charge for which he is currently serving a three year prison term. (Compl. at ¶ IV). Relying on the Nassau County Police Department Property Bureau Invoice ("Invoice"), which plaintiff has attached as Exhibit "A" to the complaint, plaintiff claims that the charge should have been brought as a non-felony. (Compl. at ¶ IV; Exhibit "A"). Plaintiff alleges that DA Rice and ADA Angelakis wrongfully prosecuted the charge as a felony and that his criminal defense attorney, defendant Elbert, encouraged plaintiff to enter a plea of guilty to the felony charge. (Compl. at ¶ IV). Plaintiff claims that Elbert withheld the Invoice from the plaintiff and, had plaintiff had the Invoice, plaintiff would not have pleaded guilty to the felony charge. (Compl. at ¶ IV). According to the complaint, possession of the handgun in question is a non-felony offense because there was no firing pin. (Compl. at ¶ IV). To support this allegation, plaintiff cites to an antiquated section of the former New York Penal Law, N.Y. Penal Law §§ 1897, 1897-b,[1] and a 1961 case that applied the former statute, *People v. Grillo*, 15 A.D.2d 502, 222 N.Y.S.2d 630 (App. Div. 1961). (Compl. at ¶ IV).

In the section of the complaint that calls for injuries claimed as a result of the events complained about, plaintiff states that he suffers from mental anguish "due to the fact that I was threatened to cop out to 3 years or get 15 years if I did not cop to the 3 years." (Compl. at

---

[1] Penal Law § 1897, enacted in 1909 and amended in 1911, was repealed in 1963 and replaced with the current Penal Law sections governing weapons possessions offenses, N.Y. Penal Law §§ 265 *et seq. See* Note following Penal Law § 265.00 (McKinney 2010).

¶IV.A). Additionally, plaintiff claims to have received no medical treatment for his mental anguish. (Compl. at ¶IV.A). As a result, plaintiff seeks a damages award of five million ($5,000,000.00) dollars. (Compl. at ¶V).

II. DISCUSSION

A. *In Forma Pauperis* Application

Upon review of the plaintiff's application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

B. Standard of Review for *Sua Sponte* Dismissal

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d

3

Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

"[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (quoting *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983) (internal quotation omitted)). Courts may also dismiss *sua sponte* claims that are barred by sovereign immunity or judicial immunity. *In re Camardo Law Firm, P.C. v. Dep't of the Army*, No. 5:09-CV-654 (FJS/GHL), 2010 WL 1935868, at *2 (N.D.N.Y. May 11, 2010) ("Although the parties do not address this point, the Court, at any time, can *sua sponte* raise the issue of subject matter jurisdiction or sovereign immunity." (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) and *Warren v. United States*, No. 06-CV-0226S, 2009 WL 1663991, at *2 (W.D.N.Y. June 15, 2009)). Finally, it is not inappropriate for a court to dismiss a claim under Section 1983 where there is no conceivable basis to find that the defendant was a state actor. *See Sommer v. Rankin*, 449 F. Supp. 66, 67 (E.D.N.Y. 1978) ("In this case, the claim of state action, which is essential to the invocation of [§] 1983, is clearly frivolous. This court cannot believe that the Court of Appeals intended that *sua sponte* dismissal should be avoided even in cases such as this, where there is no conceivable basis for liability under § 1983. Accordingly, the court is of the opinion that in this particular case, such dismissal would not be inappropriate."); *see also Walton v. Breeyear*, No. 9:05-CV-0194 (LEK/DEP),

4

2007 WL 446010, at *5 n.12 (N.D.N.Y. Feb. 8, 2007); *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 59 n.1 (D. Conn. 2000).

C. Prosecutorial Immunity

DA Rice and ADA Angelakis are entitled to absolute prosecutorial immunity from plaintiff's federal claims, which are for monetary damages. The Second Circuit has long held that:

> Absolute immunity affords "complete protection from suit," *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed.2d 396 (1982), because it gives "public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities," *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not feel "constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages," *Imbler v. Pachtman*, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976). The doctrine's nature "is such that it 'accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action,'" *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Robinson v. Via*, 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed.2d 507 (1985)).

*In re NYSE Specialists Securities Litigation*, 503 F.3d 89, 95-96 (2d Cir. 2007). Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, *i.e.*, those acts "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, 96 S. Ct. 984; *see also Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001), but not for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31, 96 S. Ct. 984. Absolute prosecutorial

5

immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, *see, e.g., Kent v. Cardone*, 404 F. App'x 540, 542-43 (2d Cir. Jan. 5, 2011); *Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43, 129 S. Ct. 855, 861-62, 172 L. Ed.2d 706 (2009).

Here, the challenged actions of DA Rice and ADA Angelakis fall squarely within the scope of their prosecutorial capacities. Accordingly, Plaintiff's claims against DA Rice and ADA Angelakis are barred by absolute prosecutorial immunity and are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A. *See Collazo v. Pagano*, 656 F.3d 131 (2d Cir. 2011).

D. <u>Defendant Michael Elbert</u>

Plaintiff's remaining federal claim against defendant Elbert, who is alleged to have been his defense attorney in the underlying criminal, also cannot survive as a matter of law. As discussed below, any attempt to bring a Section 1983 claim against Elbert fails for lack of state action. Moreover, to the extent plaintiff seeks to bring a state law malpractice claim against defendant Elbert, the Court declines to exercise supplemental jurisdiction over that claim given the dismissal of the federal claims.[2]

Although it is unclear, to the extent that plaintiff is attempting to assert a Section 1983 claim against his defense attorney in the criminal case, such claim cannot survive as a matter of law because of a lack of state action. An individual acts under color of state law when he or she

---

[2] There is no diversity jurisdiction over that claim because defendant Elbert, like plaintiff, is alleged to be a New York resident.

exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299 (1941)). In the instant action, it is clear from the allegations of the complaint that defendant Elbert does not qualify as a state actor within the meaning of § 1983. To that end, it is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position. *Polk Cnty.*, 454 U.S. at 325 (stating that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."); *see also Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (affirming dismissal of § 1983 claim against court-appointed appellate attorney for alleged involvement in denial of speedy appeal and noting that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983" (collecting cases)). Thus, plaintiff's federal claim against Elbert is both frivolous –because the legal theory on which it is based is "indisputably meritless"–and fails to state a claim for which relief can be granted because plaintiff cannot assert a plausible § 1983 claim against his attorney.[3] *See Kash v. Honey*, 38 F. App'x 73, 75-76 (2d Cir. 2002) (concluding

---

[3] The Court recognizes that state action can be demonstrated if the private party is part of a conspiracy with state actors. However, plaintiff has failed to articulate any allegations that would suggest that these alleged failures in performance by his attorney, even if accepted as true, could plausibly support a claim that his attorney was part of a conspiracy with the County defendants. In fact, plaintiff failed to allege that his attorney entered into an explicit or implicit agreement with any other named party to this lawsuit. Instead, he simply asserts his lawyer was ineffective. Moreover, as the Second Circuit has noted,

that there was no state action by a private lawyer who plaintiff alleged "maliciously, for purpose or purposes personal to him, including the purpose of penalizing [plaintiff] for exercising his First Amendment rights . . . falsely charged [plaintiff] in an accusatory instrument"); *Licari v. Voog*, No. 08-4920-pr, 2010 WL 1647456, at *1 (2d Cir. Apr. 26, 2010) (affirming district court's *sua sponte* dismissal of § 1983 claim against defense attorney because claim was frivolous under § 1915(e)(2)(B)(i)).

E. No Leave to Re-Plead

In dismissing plaintiff's federal claims, the Court has considered whether to dismiss the federal claims with prejudice, or grant leave to re-plead. Having reviewed the complaint, the Court declines to provide plaintiff with an opportunity to re-plead, because he cannot correct the defects in the federal claims.

---

generalized allegations of conspiracy "ring especially hollow" where, as here, the parties alleged to be part of the same conspiracy have an "adversarial relationship." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Given the complete absence of anything allegations of conspiracy, the Section 1983 claims against his attorney cannot survive a motion to dismiss. *See also Green v. Bartek*, No. 3:05CV1851 (SRU), 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) (dismissing Section 1983 claim against plaintiff's appointed attorney in Family Court where, "[a]lthough [plaintiff] includes several statements regarding an alleged conspiracy, he includes no facts to support this claim"); *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) (dismissing Section 1983 claim against Legal Aid Society where plaintiff alleged in a conclusory fashion that Legal Aid waived his rights and failed to adequately represent him in order to "benefit themselves and/or District Attorney," but did "not actually allege[] any facts indicating an agreement to act in concert to harm him"); *Hom v. Brennan*, 304 F. Supp. 2d 374, 378-79 (E.D.N.Y. 2004) (dismissing Section 1983 claim against supervising attorney with the Nassau-Suffolk Law Services because "plaintiff fails to allege with particularity what the alleged conspiracy is, the purpose of the conspiracy, who was involved in the conspiracy, the existence of an act in furtherance of the conspiracy, or that he was injured as a result of the conspiracy"); *Braxton v. Brown*, No. 96 CV 187, 1997 WL 43525, at *3 (E.D.N.Y. Jan. 28, 1997) ("Notwithstanding the latitude afforded a *pro se* complaint, plaintiff fails to allege any facts supporting an inference that the Defense Attorney defendants colluded with the District Attorney defendants. While plaintiff's allegations might support a state law malpractice action against his former defense attorneys, they do not support a federal court's exercise of jurisdiction under Section 1983."). Moreover, based upon the allegations in the complaint, it is clear that plaintiff is alleging malpractice or ineffective assistance of counsel, rather than conspiracy. Thus, leave to re-plead would be futile.

The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") As discussed in detail *supra,* it is clear from the complaints that plaintiff does not have any possibility of asserting a plausible Section 1983 claim because of the application of the doctrine of absolute immunity to his federal claims against the prosecutors, and because of the lack of state action as to defendant Elbert. Thus, where any amendment to the complaints would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g., Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claims without leave to amend because, *inter alia*, certain defendants were not state actors and "[a]ny amendment would be futile"); *Wilson v. Wilson-Polson*, No. 09 Civ. 9810 (PGG), 2010 WL 3733935, at *10 (S.D.N.Y. Sept. 23, 2010) (leave to amend unwarranted because, *inter alia*, plaintiff could not allege state action under Section 1983); *Contes v. City of New York*, No. 99 Civ. 1597 (SAS), 1999 WL 500140, at *11 (S.D.N.Y. July 14, 1999) ("It would be futile to grant leave to replead in this case. Without state action, which is lacking here, [plaintiff] cannot prevail on a claim pursuant to § 1983.").

F. <u>Declining to Exercise Supplemental Jurisdiction over State Law Claims</u>

Having determined that plaintiff's federal claims are *sua sponte* dismissed, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also McCluskey v. NY State Unified Court Sys.*, No. 10-cv-2144, 2010 WL 2558624, at *7 (E.D.N.Y. June 17, 2010). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of . . . courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).

Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide

whether or not to pursue the matter in state court.").

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over any remaining state law claims given the absence of any federal claims that survive.

III. CONCLUSION

For the reasons set forth above, plaintiff's federal claims against defendants DA Rice and ADA Angelakis, as well as any federal claim against defendant Elbert, are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915A. Further, the Court declines to exercise supplemental jurisdiction over plaintiff's purely state law claims in the absence of any federal claims. Thus, any state claims are dismissed without prejudice. Therefore, the complaint is dismissed in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk shall enter judgment accordingly and close this case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2012
Central Islip, New York